IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ROSHINA SMITH, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 6:15-CV-324-RP |
| ANGELA GOFORTH, | | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. 11). On August 11, 2016, the Court advised Defendant, who is not represented by counsel, that she must respond in writing to Plaintiff's motion. (Dkt. 12). The Court's advisory also explained that if Defendant did not respond, judgment could be entered against her if Plaintiff established that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56. (*Id.*). The Court further ordered Defendant to respond to Plaintiff's motion within 30 days. (*Id.*). To date, Defendant has not filed a response to Plaintiff's motion. Thus, the Court will now consider whether Plaintiff is entitled to summary judgment pursuant to Rule 56 in the absence of a response by Defendant.

### I. BACKGROUND

Plaintiff Roshina Smith filed suit against Defendant Angela Goforth on November 5, 2015. (Compl., Dkt. 1). Plaintiff alleged that Defendant operated a daycare center for preschool-aged children, Kids Quest Childcare and Learning Center, at which Plaintiff was an employee from June 5, 2015 through July 15, 2015. (Compl. ¶¶ 8–13, Dkt. 1). Plaintiff further alleged that during her employment, Defendant failed to pay her minimum wages and overtime, as required by the Fair Labor Standards Act ("FLSA"). (Compl. ¶¶ 12–14, Dkt. 1).

After Defendant failed to timely answer the complaint, Plaintiff moved for entry of default, and the clerk's office filed an entry of default in the case on December 9, 2015. (Dkts. 5–7). However, on December 14, 2016, prior to an entry of default judgment by the Court, Defendant filed an answer and entered a general denial in the case. (Dkt. 8).

On August 9, 2016, Plaintiff filed a motion for summary judgment on her claims for unpaid wages and overtime pay. (Dkt. 11). In support of her motion, Plaintiff submitted her own affidavit and Requests for Admissions that were served upon Defendant, but not answered. The Court will consider whether this evidence is sufficient to entitle Plaintiff to summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could

find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Further, "[u]nder Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (citing Fed. R. Civ. P. 36(a)). Admissions made pursuant to Rule 36 "can be an appropriate basis for granting summary judgment." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing Fed. R. Civ. P. 56(c)).

Plaintiff submitted as evidence in this case her own sworn affidavit, along with the Requests for Admissions that she delivered to Defendant.[1] Because Defendant has failed to respond to Plaintiff's requests for admissions for more than thirty days, Plaintiff's requests are deemed admitted. *See* Fed. R. Civ. P. 36(a)).

### III. DISCUSSION

An employee bringing an action for unpaid minimum wages or overtime compensation must first demonstrate by a preponderance of the evidence: (1) the existence of an employer-employee relationship; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime or minimum wage requirements; and (4) the amount of

---

[1] Plaintiff submitted a return receipt from the United States Postal Service indicating the requests for admission were delivered to Defendant at the address listed within her answer and signed for on June 20, 2016.

wages or overtime compensation due. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

"Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Id.* (quoting *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). "If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Id.* (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

*1. Existence of Employer-Employee Relationship*

"To determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)).

Here, Plaintiff has demonstrated that Defendant was her employer. Defendant hired Plaintiff "and was in total control of the conditions and terms of [Plaintiff's] employment." (Mot. for Summ. J. Ex. B, Smith Decl. ¶¶ 7–8, Dkt. 11-2). Defendant "determined and controlled [the] rate and method of [Plaintiff's] pay, [and] controlled and dictated [Plaintiff's] work schedule." (*Id.* ¶ 8). Defendant also maintained the payroll records recording Plaintiff's hourly wages. (Mot. for Summ J. Ex. A., Request for Admission No. 17, Dkt. 11-1).

*2. Coverage Under the FLSA*

The FLSA guarantees overtime and minimum pay requirements for employees engaged "in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in

4

the production of goods for commerce." *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)); *see also* 29 U.S.C. § 206(a). Under the FLSA, an "enterprise engaged in commerce" includes enterprises "engaged in the operation of . . . a preschool . . . (regardless of whether or not such . . . school is public or private or operated for profit or not for profit)." *See* 29 U.S.C. § 203(s)(1)(B).

The FLSA does not define "preschool" or directly address whether a daycare may be considered an enterprise engaged in commerce. The Department of Labor has, however, generally taken the position that a daycare center is analogous to a preschool and is similarly covered under the FLSA. *See* Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1002394 ("[D]ay care centers provide services to children not yet required to attend school, who are, therefore, 'pre school,'"); U.S. Dep't of Labor, Fact Sheet #46: Daycare Centers and Preschools Under the Fair Labor Standards Act (2009), https://www.dol.gov/whd/regs/compliance/whdfs46.pdf. Further, while the Fifth Circuit has not addressed whether it considers daycare facilities to be "preschools" under the FLSA, three other circuits addressing the issue have found that they are. *See Perez v. Contingent Care, LLC*, 820 F.3d 288 (8th Cir. 2016) (holding that custodial child day care center that provided educational services to children of preschool age qualified as "preschool,"); *Reich v. Miss Paula's Day Care Ctr., Inc.*, 37 F.3d 1191, 1197 (6th Cir. 1994) (reviewing legislative history to determine that both child day care centers and preschools are subject to the FLSA); *United States v. Elledge*, 614 F.2d 247, 250 (10th Cir. 1980); *but see Marshall v. Rosemont, Inc.*, 584 F.2d 319, 321 (9th Cir.1978) (restricting the term "preschool" within the FLSA to "an institution of some kind which is a part of the school system.").

Defendant operated "a daycare center [that] provides custodial, educational, or developmental services to preschool age children to prepare them to enter elementary school grades." (Mot. for Summ J. Ex. A., Request for Admission No. 3, Dkt. 11-1). Plaintiff "worked" as a

"Caregiver" for Defendant during the hours for which she was not paid or insufficiently paid. (Mot. for Summ. J. Ex. B, Smith Decl. ¶¶ 1–2, Dkt. 11-2). In light of the substantial authority holding that child day care centers should be considered "preschools" for the purposes of the FLSA, the Court finds that Defendant is engaged in commerce under the FLSA, *see* 29 U.S.C. § 203(s)(1)(B), and that Plaintiff's work is covered by the FLSA.

### 3. *Defendant Violated the FLSA*

The FLSA requires that employers pay a statutory minimum wage of $7.25 an hour for all hours worked. 29 U.S.C. § 206(a)(1)(C). The FLSA also "sets the standard workweek at forty hours and requires employers to pay non-exempt employees no less than one and one-half times their regular rate of pay for any hours worked in excess of forty." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (citing 29 U.S.C. § 207(a)(1)).

#### a. *Minimum Wage Violation*

During Plaintiff's employment with Defendant, her regular rate of pay was $7.75 per hour. (Mot. for Summ J. Ex. A., Request for Admission No. 17, Dkt. 11-1). However, during Plaintiff's employment "Defendant would arbitrarily deduct time worked from her pay," meaning that Plaintiff was not paid for all hours worked. This is a violation of the FLSA's requirement to pay employees a minimum wage of $7.25 per hour for all hours worked.

#### b. *Overtime Compensation Violation*

During two weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty hours per week. (Mot. for Summ. J. Ex. B, Smith Decl. ¶ 2, Dkt. 11-2). Specifically, Plaintiff worked fifty-three hours and twelve minutes during the week of June 22, 2015 and forty-eight hours and fifty-two minutes the week of July 6, 2015.[2] (*Id.*) Defendant did not pay Plaintiff at least one and

---

[2] Defendant's admissions in this case indicate that Plaintiff was regularly scheduled to work fifty-five hours a week. (Mot. for Summ J. Ex. A., Request for Admission No. 15–16, Dkt. 11-1) (Plaintiff's regular schedule was from 7:30 a.m. until

6

one-half times her regular rate of pay during this time. (Mot. for Summ J. Ex. A., Request for Admission No. 2, Dkt. 11-1). This failure is a violation of the FLSA's overtime provisions.

### 4. *Wages and Overtime Owed*

Plaintiff seeks backpay for the time for which she was not paid at all and the time for which she was not paid overtime as required by the FLSA. Plaintiff also seeks "liquidated damages" pursuant to 29 U.S.C. § 216. The Court will address each of these types of damages below.

### a. *Backpay*

Plaintiff provides data regarding her damages from Defendant's violations of both the minimum wage and overtime requirements of the FLSA. With respect to the FLSA's minimum wage requirements, Plaintiff states that in each of the four full weeks in which she worked, Defendant failed to pay her for approximately two and one-half hours of her work. (Mot. for Summ. J. Ex. B, Smith Decl. ¶ 4, Dkt. 11-2). Thus, at the minimum wage of $7.25 an hour, Plaintiff is entitled to $72.50 (($7.25 x 2.5 hours) x 4 weeks = $72.50).

With respect to the FLSA's overtime compensation requirements, Plaintiff states that she worked fifty-three hours and twelve minutes during the week of June 22, 2015 and forty-eight hours and fifty-two minutes the week of July 6, 2015. (Mot. for Summ. J. Ex. B, Smith Decl. ¶ 2, Dkt. 11-2). She also states, and Defendant admits, that Plaintiff "was not paid for the overtime she worked." (*Id.*; *see also* Mot. for Summ J. Ex. A., Request for Admission Nos. 2, 18, Dkt. 11-1). Thus, Plaintiff was not compensated for thirteen and one-quarter hours in the week of June 22, 2015 and eight and three-quarter hours in the week of July 6, 2015, for a total of twenty-two hours.[3] Thus, based on

---

6:00 p.m., five days a week; Plaintiff did not take lunch breaks during her employment.) The Court will assume that Plaintiff's evidence is not inconsistent with these admissions, and that although Plaintiff was regularly scheduled to work fifty-five hours, she only worked over 40 hours a week for two weeks during her employment. (Mot. for Summ. J. Ex. B, Smith Decl. ¶ 2, Dkt. 11-2).

[3] The Court reaches these numbers by subtracting the forty hours of a standard workweek from the hours Plaintiff worked in each of the weeks in which Plaintiff states that she worked, but was not paid, overtime and then rounding

Plaintiff's regular wage of $7.75 an hour, Plaintiff is entitled to $255.75 (($7.75 x 1.5) x 22 hours = $255.75).

      *b.   Liquidated Damages*

Under the FLSA, an employer who violates the minimum wage or overtime compensation provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also Singer v. City of Waco*, 324 F.3d 813, 822 (5th Cir. 2003). "[T]he district court can . . . decline to award such damages (or reduce the amount) if [it] concludes that the employer acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA." *Id.* at 822-23 (quoting 29 U.S.C. § 260). However, an employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999) ("Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith.").

Here, Defendant has not responded to Plaintiff's motion for summary judgment and has not submitted any evidence in this case. Defendant has also failed to respond to the discovery requests sent by Plaintiff. Without submitting any evidence, Defendant has failed to meet her burden to prove that the violation was in good faith or that Defendant had reasonable grounds to believe her actions complied with the FLSA. Because Defendant has not met this burden, it is liable for an additional amount equal to its liability for unpaid minimum wages and overtime of $328.25 ($255.75 + $72.50 = 328.25).

---

pursuant to 29 CFR § 785.48(b). Notably, Plaintiff totaled her overtime to 102 hours, presumably adding 53.25 to 48.75 The Court assumes this was done in error, because it includes the standard workweek hours.

8

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Dkt. 11) is **GRANTED**. Based upon the undisputed record, the Court finds that Plaintiff, ROSHINA SMITH, shall have and recover from the Defendant, ANGELA GOFORTH, $72.50 representing unpaid minimum wages, $255.75 representing unpaid overtime wages, and $328.25 in liquidated damages, for a total of $656.50.

**SIGNED** on October 18, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE